ED G. NELSON et al., Appellants, *v.* MILLS MUSIC, INC., Respondent, and "JANE" PEASE, as Executrix of HARRY PEASE, Deceased, Appellant.

First Department, May 22, 1951.

*Abner Greenberg* for appellants.

*Theodore R. Kupferman* of counsel (*Samuel Jesse Buzzell,* attorney), for respondent.

*Per Curiam.* Plaintiffs are the composers of a song entitled " Red Roses for My Blue Baby ", the rights to which they assigned in 1945 to the defendant, music publisher, on a royalties basis. In 1949 the defendant published another song entitled " Red Roses for a Blue Lady ". The complaint is that the latter is an infringement of plaintiffs' song, a virtual steal of its title, and that defendant failed or neglected to promote plaintiffs' composition but successfully promoted the infringing and competing work, all in violation of the contract between the parties and to plaintiffs' damage. An injunction and accounting are sought.

The learned Referee who heard the case dismissed the complaint, noting that the agreement between the parties contained no provision which obligated defendant to promote plaintiffs' composition, and that except for similarity of title between the two songs the plaintiffs failed to show sufficient evidence of duplication to warrant the conclusion that defendant's song infringed upon or competed with plaintiffs' composition, and held that mere similarity of title was of little significance.

Mere similarity of titles might not ordinarily be significant, but it takes on some significance in view of the fact that defendant published both songs. Consideration of the thought content and musical incidence of both songs has led us to the conclusion that the similarity in title is not the only similarity and that plaintiffs' composition was the source of the later composition.

It should be noted that this is not an ordinary or straight infringement action, such as would come within the exclusive jurisdiction of the Federal courts. The action is for breach of contract or trust. Defendant was not a stranger to plaintiffs and the case cannot be viewed simply on the basis of one composer writing something similar to another composer. While defendant was not obligated to promote the sale of plaintiffs' song, it was certainly obligated to exercise good faith toward plaintiffs and not use plaintiffs' composition for the purpose of fashioning a competing song to be sold in place of plaintiffs' song. We find a breach of contract or trust in the circumstances.

No purpose would be served by an injunction at this stage. Plaintiffs are entitled, however, to an opportunity to prove damages. The judgment should be reversed, with costs, and the case remitted to the Referee for the assessment of damages.

PECK, P. J., DORE, CALLAHAN, VAN VOORHIS and SHIENTAG, JJ., concur.

Judgment unanimously reversed, with costs and the case remitted to the Referee for assessment of damages. Settle order on notice.