■ VAN VALKENBURGH, NOOGER & NEVILLE, INC., Respondent-Appellant, v. HAYDEN PUBLISHING COMPANY, INC., et al., Appellants-Respondents.— These are two appeals which for purposes of convenience are consolidated for disposition. In the first, defendants appeal from an interlocutory judgment entered December 10, 1968 in favor of the plaintiff and against the defendants after a nonjury trial. Plaintiff cross-appeals from so much of the judgment as denied the plaintiff punative damages. In the second, defendants appeal from so much of an order entered April 27, 1967 as granted plaintiff's motion for a protective order terminating the defendants' examination before trial of the plaintiff and to the extent that such order denied defendants' renewal motion for a bill of particulars. The order granting the protective motion and denying defendants' renewal motion for a bill of particulars was properly entered and is unanimously affirmed. The interlocutory judgment appealed from is modified, without costs or disbursements, on the law and the facts as follows: In the first ordering paragraph the words " forever enjoined and restrained " which appears at lines 9 and 10 of the first ordering paragraph are stricken, and the following words inserted: " are temporarily enjoined and restrained pending the hearing before and report of the referee herein, after which such injunction shall terminate, from." The second ordering paragraph is stricken in its entirety. The third ordering paragraph is modified as follows: to insert after the words " shall account " which appear in the third line the following: " as an item for the ascertaining and calculation of damages." We find and conclude that no fiduciary relationship exists between the parties. We find and conclude that this was a purely commercial relationship and a purely commercial transaction. The action more properly may be considered an action for breach of contract with demonstrated failure by defendants to use their " best efforts ", as they agreed to do under the publishing contract, for the continued promotion and sale of plaintiff's books (cf. *Wood* v. *Duff-Gordon,* 222 N. Y. 88; *Nelson* v. *Mills Music,* 278 App. Div. 311; 279 App. Div. 990, affd. 304 N. Y. 966). As such damages will afford the plaintiff adequate relief. The destruction of the Mileaf books as directed in the interlocutory judgment would destroy Mileaf's rights and Mileaf is not a party to this action. Moreover, this is not an action for copyright infringement. Indeed if it were relief

would necessarily be sought in another form. Plaintiff's cross appeal from the denial of punitive damages is affirmed. Punitive damages were properly withheld since no public right is involved here, only private wrongs (see *American Electronics* v. *Neptune Meter Co.*, 30 A D 2d 117). To the extent that the findings and conclusions made by us are in conflict or contradiction to those made by the Trial Justice, such findings and conclusions of the Trial Justice are overruled and rejected and set aside, and new findings and conclusions made as herein stated. Concur — Stevens, P. J., Eager Capozzoli and Nunez, JJ.; McNally, J., dissents and votes to affirm on the appeal from the interlocutory judgment entered December 10, 1968 in the following memorandum: I dissent and vote to affirm. The issue presented involves two sets of books, the plaintiff's " Basic Electricity " and " Basic Electronics ", and the defendant's books, " Electricity 1–7 " and " Electronics 1–7 " prepared by one Mileaf. Plaintiff claims, and, in my opinion, the proof sustains its contention that the defendants as publisher of plaintiff's books have misappropriated them without disclosure to the plaintiff, utilizing them in the development, production and publication of the Mileaf series, using the plaintiff's form and substance of teaching the theory of the science of electricity, and in so doing used the same methods and devices of illustrations as plaintiff's books, all of which constitute unfair competition. The form used is in the nature of an abbreviated, progressive presentation, a discussion with accompanying illustrations of separate topics in sequential order, from theory to practice. The record, as I view it, is that the defendants' product is an expanded and updated version which was surreptitiously arrived at by the defendants taking unfair advantage of their contractual relationship with the plaintiff. As I view it, the defendants violated their obligation to deal fairly and honestly and in good faith with the plaintiff and violated their agreement to use their best efforts to advance the sale of the plaintiff's books. In all contractual relationships there is an implied covenant that neither party shall do anything to injure the rights of the other. This is true no matter what the relationship of the contracting parties is, be it that of employer or employee, manufacturer or distributor, licensor or licensee, and this is true whether or not a fiduciary relationship exists. Every contract impliedly carries with it an undertaking to perform fairly and in good faith. (*Kirke La Shelle Co.* v. *Armstrong Co.*, 263 N. Y. 79; *Brassil* v. *Maryland Gas. Co.*, 210 N. Y. 235; *Guardino Tank Processing Corp.* v. *Olsson*, 89 N. Y. S. 2d 691.) The defendants further violated the implied covenant of their contract with the plaintiff to deal with plaintiff in good faith. Defendants conceded that they did not advise the plaintiff at any time during the 2½ years the books were being prepared, printed and bound, that they intended to publish the Mileaf books. In addition to concealing these facts, defendants misled and deceived the plaintiff and told the plaintiff orally and in writing that rumors that the plaintiff heard about the books were false. The defendant also omitted the Mileaf books from a list of their proposed publications which they delivered to the plaintiff and which they represented to be complete. It would seem to me that the defendants had a duty to disclose to the plaintiff its intention to publish the Mileaf books. Their failure to give the plaintiff information was in itself an actionable wrong. (*Wendt* v. *Fischer*, 243 N. Y. 439; *Keller* v. *American Chain Co.*, 255 N. Y. 94.) The defendants' contention that the affiliate and the publisher were separate entities before the merger does not hold water; both had the same offices, the same directors, they used their funds interchangeably, commingled assets, had a common financial control and administration, and their activities of printing, binding, billing, order-processing and accounting were all consolidated. Their endeavors were controlled by one manager, they had the same editors, salesmen, advertising staff, and the record

makes it appear that the parent company exercised total control over both corporations. In my opinion, the plaintiff is entitled to recover damages and is also entitled to an injunction against the continuance of the wrong. The recovery of damages is not an adequate or sufficient remedy. If the judgment permits the defendants to continue the wrong, the plaintiff will be compelled to resort to a number of actions in the future to obtain proper redress. A party left in the position of having to bring a series of sustaining actions in order to recover damages for a continuing wrong has not received an adequate remedy. "Prevention of multiplicity of suits is always a sufficient ground of equity jurisdiction, and furnishes a basis for the assumption and exercise of the power to restrain acts injurious to property and person, and to prevent one from being subjected to the cost and vexation of innumerable suits. While equity assumes jurisdiction to award injunctive relief where the injury complained of its otherwise irreparable and the remedy at law is inadequate, this want of a sufficient legal remedy and *the resulting irremedial character of the injury proceed largely from the fact that the injured party cannot procure the full and complete relief to which he is entitled without resorting to a multiplicity of suits "*. (Emphasis added.)    (28 N. Y. Juris., Injunctions, § 32, pp. 345–346; *Satterlee* v. *Kobbe,* 173 N. Y. 91, 97; *Williams* v. *New York Cent. R. R. Co.,* 16 N. Y. 97, 111.)    The parties hereto have been in a contractual relationship for many years, the plaintiff as author and defendants as publishers. Over this period of time, the defendants have paid the plaintiff almost $1 million in royalties. For the defendants to embark on a secret course of writing, editing and presenting the defendants' books in competition with plaintiff's books constitute in my opinion both breach of contract and unfair competition. In my opinion, judgment should be affirmed. Settle order on notice.