■ WILLIAM KEEGAN, Respondent, v LINCOLN HARKOW, Appellant.—In an action, *inter alia,* to recover moneys due pursuant to a certain agreement, defendant appeals from an order of the Supreme Court, Queens County, dated November 20, 1975, which denied his motion, *inter alia,* to dismiss "each and every" cause of action of the complaint for failure to state a cause of action. Order modified, on the law, by adding thereto, immediately after the word "denied", the following: "except as to the third cause of action, which is severed and dismissed on the ground that it fails to state a cause of action." As so modified, order affirmed, without costs or disbursements. Plaintiff, an attorney, alleges in his complaint an agreement with defendant, also an attorney, under which defendant was to "handle certain matters" of an estate in conjunction with plaintiff. The complaint also alleges that defendant has not paid plaintiff the agreed fee for his services. Therefore, plaintiff has alleged a valid cause of action in contract and the motion was properly denied as to the first and second causes of action of the complaint (see *Foley v D'Agostino,* 21 AD2d 60). However, as purely private contractual rights are involved, the third cause of action, which seeks punitive damages, should have been dismissed (see *Van Valkenburgh, Nooger & Neville v Hayden Pub. Co.,* 33 AD2d 766, affd 30 NY2d 34). Martuscello, Acting P. J., Cohalan, Rabin and Mollen, JJ., concur.

■ NORMA J. LEWIS, Appellant, v ERNESTO D. SELDMAN et al., Respondents.—In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Queens County, entered May 15, 1975, which is in favor of defendants and against her, upon a jury verdict. Judgment affirmed, with costs. Plaintiff, a pedestrian, was crossing Kissena Boulevard in Flushing, Queens, on the evening of December 1, 1972, when she was struck by, or walked into, a Volkswagen "beetle". The car was being driven by defendant Ernesto D. Seldman and was owned by defendant Mirta Seldman, a passenger at the time of the collision. Plaintiff did not attempt to cross at the crosswalk at the corner of Main Street; it was blocked by stationary, bumper-to-bumper northbound traffic. She walked back from the intersection and zigzagged through the stopped cars when, according to an eyewitness seated in a northbound vehicle one car length away, she stepped from behind a bus into the southbound, left-hand lane, and collided with defendants' car. Plaintiff claimed to have sustained retrograde amnesia as a result of the accident which left her mind blank as to the collision; defendants claimed at the trial that they had not seen plaintiff until after the collision and that she had walked into the side of their car. Plaintiff offered testimony which would indicate that her knee injury must have been caused by a direct blow and that the front bumper of a Volkswagen "beetle" could have been the instrument which caused the trauma. The jury found for the defendants and plaintiff has appealed. Plaintiff raises various points on appeal, but a review of the record indicates that reversible error was not committed by the trial court, either in its conduct of the trial or in its charge to the jury. Hopkins, Acting P. J., Latham, Damiani and Rabin, JJ., concur.