RONALD S. LEBOVICI et al., Respondents, v JAMAICA SAVINGS BANK, Appellant.

Second Department, June 15, 1981

APPEARANCES OF COUNSEL

*Jerry J. Limoncelli* for appellant.

*Ronald S. LeBovici, P. C. (Louis Schaeffer* of counsel), respondent *pro se* and for Tanya LeBovici, respondent.

*Leopold S. Rassnick (Cullen & Dykman [William P. Tucker], John P. Cuddahy* and *Joseph E. Kaht* of counsel), for Savings Banks Association of New York State *amicus curiae.*

### OPINION OF THE COURT

THOMPSON, J.

This case raises a question of major interest to the thrift institutions in this State: whether a savings bank may refuse permission to a depositor to make a premature withdrawal of a time deposit when the account application forbids such withdrawals without the bank's permission

but when the bank's policy at the time the deposit was made had been to permit such withdrawals.

In July, 1977 petitioners opened a time savings account with the bank, depositing $6,000 for a period of six years with interest at 7¾% per annum (compounded daily), payable at maturity. The reverse side of the time savings account application provided, *inter alia*, directly above petitioners' signatures, that:

"1. This deposit shall be payable at maturity * * *

"2. If withdrawal is permitted prior to maturity on Time Savings Accounts, Federal Deposit Insurance Corporation regulations require as a minimum penalty that interest be reduced to the then current passbook rate and three month's [*sic*] interest be forfeited."

At the time they opened the account, petitioners alleged, they were told by the bank officer serving them "that the bank policy has always been to permit * * * premature withdrawal provided the penalty was paid." The bank, through the officer, did not deny making the alleged statement, but the bank did specifically deny having given petitioners any indication that that policy would continue. Approximately two years after opening their account, petitioners sought to withdraw their funds. The bank denied permission. Negotiations between the parties failed, and petitioners commenced the proceeding at bar. Special Term, in granting their application, found "that this is a case where justice calls for the exercise of its powers of equitable estoppel * * * premised upon the failure of the [bank] to adequately and succinctly explain to the petitioners not only their rights but their obligations under this agreement." We disagree.

The application signed by the petitioners is a contract in which petitioners promised to leave their money on deposit for six years in consideration of the bank's promise to pay interest on the money deposited at a rate higher than the passbook rate. The terms were definitely stated. The contract formed was real, not illusory, as petitioners contend (cf. *Chiapparelli v Baker, Kellogg & Co.*, 252 NY 192, 200). The bank only reserved the right to allow the petitioners, should they so request, to breach upon payment

of specified liquidated damages (see 5 Williston, Contracts [3d ed, Jaeger], § 665).

The contract was enforceable, and Special Term erred in estopping the bank from asserting it. The fair meaning of the contract terms is that the bank would be required to consent to any premature withdrawal of funds. All necessary terms of performance were stated on the contract. Parol evidence of any alleged policy to the contrary may not, under such circumstances, be introduced to contradict, alter or vary the express terms of the contract (see *Leumi Fin. Corp. v Richter*, 17 NY2d 166, 173, mot to amend remittitur den 17 NY2d 813). The parol evidence rule cannot be ignored merely because a party claims an estoppel (see *Continental Bank & Trust Co. of N. Y. v W. A. R. Realty Corp.*, 265 App Div 729, 733).

Estoppel is not appropriate in this situation even if the alleged policy statement of the bank officer were admissible and damaging to the bank's position. A "truthful statement as to the present intention of a party with regard to his future acts is not the foundation upon which an estoppel may be built" *(Metropolitan Life Ins. Co. v Childs Co.*, 230 NY 285, 294, mot for rearg den 231 NY 551).

For these reasons, the order of Special Term must be reversed and the proceeding dismissed.

RABIN, J. P. and GULOTTA, J., concur with THOMPSON, J.; WEINSTEIN, J., dissents and votes to affirm the order.

Order of the Supreme Court, Queens County, dated May 7, 1980, reversed, on the law, without costs or disbursements, application denied and proceeding dismissed.