OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Petitioners agreed that their deposit would only “be payable at maturity”, and in exchange for petitioners’ commitment of their funds for a fixed period of time the bank agreed to pay a higher rate of interest than is applicable to savings accounts where withdrawal is permitted upon demand. This agreement was not illusory nor was it rendered illusory by the inclusion of the following provision: “If withdrawal is permitted prior to maturity on Time Savings Accounts, Federal. Deposit Insurance Corporation regulations require as a minimum penalty” a specified amount. Petitioners are mistaken-in their belief that this creates an illusory promise because the bank promised “to permit petitioners to withdraw their money at an earlier date, if the *** bank permitted early withdrawals”. Actually this provision simply specified the consequences of an early withdrawal should the parties subsequently agree to modify or terminate the agreement in this manner. As the agreement itself indicates these are consequences imposed by Federal law (12 CFR 329.4 [f]) and the provision does little more than inform the petitioners of them.
*524 Nor may the petitioners seek to estop the bank from enforcing its contractual right to withhold payment until maturity. The statements made by the bank’s officer regarding past practices did not represent a promise or “implied consent” to permit early withdrawal in the future as petitioners contend.
We have considered petitioners’ other arguments and have found them to be without merit.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed, with costs, in a memorandum.