OPINION OF THE COURT
William G. Giaccio, J.
In this action to recover damages for common-law fraud and securities law fraud, defendant Jamaica Savings Bank (hereinafter Jamaica) moves pursuant to CPLR 3211 (subd [a], par 7) and 3016 (subd [b]) to dismiss the complaint for failure to state a cause of action. Plaintiff cross-moves pursuant to CPLR 3211 (subd [b]) to dismiss defendant’s defenses to the extent that they rely on material which is inadmissible under CPLR 4544.
Plaintiff opened two time-deposit savings accounts with Jamaica, one in October of 1977 and the other in April, 1979. Each time-savings account application signed by plaintiff stated that the account “is a Time Deposit as defined in section 234, subdivision 1(a) of the New York State Banking Law,” and included among the terms and conditions of the agreement that the deposit “shall be payable at maturity” as well as that Federal Deposit Insurance Corporation (hereinafter FDIC) regulations required the imposition of a minimum penalty “[i]f withdrawal is permitted prior to maturity”.
In her complaint herein plaintiff asserts three causes of action arising out of the same set of facts. Plaintiff alleges, in essence, that at the time said time-deposit accounts were opened it was Jamaica’s policy to permit withdrawals prior to maturity subject to the imposition of the penalties prescribed by the FDIC and that new depositors were advised of the penalty provisions, but that Jamaica fraudulently failed to disclose that depositors might not be able to withdraw their deposits until the stated maturity date. When she attempted to withdraw her funds in February, 1980, plaintiff alleges, her application was denied pursuant to a policy adopted by Jamaica in January, 1980. Plaintiff , contends that Jamaica failed to advise her of its power to prevent premature withdrawals despite an FDIC *566 regulation requiring such disclosure (12 CFR 329.4 [f]), and that Jamaica changed its policy with regard to permitting withdrawals without notice to her.
The first and second causes of action of plaintiff’s complaint assert State securities law violations, specifically alleging violations of subdivisions 1 and 2 of section 352-c and section 339-a of the General Business Law. However, just as the time-deposit accounts herein are not securities within the meaning of the Federal Securities Act of 1933 (US Code, tit 15, § 77a et seq.) and Securities Exchange Act of 1934 (US Code, tit 15, § 78a et seq.) (Marine Bank v Weaver, 455 US 551), so they are not securities or commodities as defined in section 352 of the General Business Law or within the meaning of section 339-a of the same statute. (See, generally, Matter of Gardner v Lefkowitz, 97 Misc 2d 806, 812.) Inasmuch as plaintiff’s allegations fail to state a cause of action for securities fraud, the first and second causes of action of her complaint are insufficient.
Plaintiff’s third cause of action, sounding in common-law fraud, is also insufficient. Although plaintiff premises her right to relief on different legal theories, the facts alleged in this action are essentially identical to those before the court in LeBovici v Jamaica Sav. Bank (81 AD2d 150, affd 56 NY2d 522). In LeBovici (p 152), the Appellate Division held that the same application as that signed by plaintiff herein created an enforceable contract, the fair meaning of which is “that the bank would be required to consent to any premature withdrawal of funds.” Given this holding, which was affirmed by the Court of Appeals, plaintiff’s allegations of fraud based on Jamaica’s failure to disclose that its consent was necessary for a premature withdrawal must fall. Nor does the additional allegation that Jamaica did not make the disclosure in the form or manner required by Federal regulation (12 CFR 329.4 [f]) support a fraud cause of action under these circumstances, where the Court of Appeals has affirmed a finding that the application signed by plaintiff is sufficient to advise a depositor of this term of the contract. (LeBovici v Jamaica Sav. Bank, 56 NY2d 522.)
*567 Furthermore, the Court of Appeals held in LeBovici (supra, p 524) that statements made by the bank officer regarding the bank’s practice of permitting early withdrawals “did not represent a promise or ‘implied consent’ to permit early withdrawal in the future”. The Court of Appeals also stated that the provisions in the agreement concerning the imposition of a penalty for early withdrawal “simply specified the consequences of an early withdrawal should the parties subsequently agree to modify or terminate the agreement in this manner.” (LeBovici v Jamaica Sav. Bank, supra, p 523.) Thus, the allegations by plaintiff concerning the misleading nature of information given regarding the bank’s policy on premature withdrawals at the time her accounts were opened and the imposition of penalties for such premature withdrawals also fail to support her cause of action in fraud.
Inasmuch as this court is bound by the holdings in LeBovici (supra) it is clear that plaintiff’s allegations are insufficient to establish the elements necessary to state a cause of action in common-law fraud, to wit, (1) a misrepresentation of fact, (2) which was false and known to be false by defendants, (3) that the representation was made for the purpose of inducing plaintiff to rely upon it, (4) plaintiff justifiably did so rely and (5) causing injury. (Channel Master Corp. v Aluminum Ltd. Sales, 4 NY2d 403; Clear-view Concrete Prods. Corp. v Gherardi, 88 AD2d 461.)
Although plaintiff herein did not purport to plead any cause of action in her complaint on the basis of an implied private right of action under the FDIC regulations for Jamaica’s alleged violation of the disclosure requirements of 12 CFR 329.4 (f), the court has considered whether such an implied private right of action exists since, if any valid cause of action can be discerned from the four corners of a complaint, the complaint should not be dismissed for failure to state a cause of action. (Guggenheimer v Ginzburg, 43 NY2d 268; Pace v Perk, 81 AD2d 444; Foley v D'Agostino, 21 AD2d 60.)
It is well settled that if the purpose and intent of a statute is to legislate for the benefit of the general public and not for the protection of any class or classes of individuals, no private wrong is committed by its breach and no *568 civil action will lie for damages. (Sheafer v Joseph Breen, Inc., 263 App Div 135.) The disclosure regulation allegedly violated, 12 CFR 329.4 (f), was issued pursuant to a provision of the Federal Deposit Insurance Corporation Act. (US Code, tit 12, § 1828, subd [g], par [1].) From a review of the regulation and its enabling statute, it appears that the regulation was intended for the benefit of the general public. (Mitchell v First Nat. Bank, 505 F Supp 176.) The court therefore concludes that no private right of action can be implied in plaintiff’s favor and that plaintiff thus has failed to state a cause of action for violation of an FDIC regulation.
Finally, the court notes that plaintiff’s argument that Jamaica should not be permitted to rely upon the terms and conditions printed on the applications she signed because said applications would not be admissible in evidence under CPLR 4544 is without merit. The agreements opening plaintiff’s time-deposit accounts do not involve consumer transactions within the meaning of CPLR 4544.
Accordingly, defendant’s motion is granted and the complaint is dismissed, and plaintiff’s cross motion is denied.