OPINION OF THE COURT
Israel Rubin, J.
Defendants the Hertz Corporation and Hertz International, Ltd. (Hertz) move for summary judgment dismissing the complaint pursuant to CPLR 3212.
"You don’t just rent a car. You rent a company” the ad copy reads. And that, plaintiff contends, is precisely what she did.
This action arises out of a single-vehicle automobile accident which occurred on a public highway "in the vicinity of the Puente Gambote Bridge, at or near Cartagena, Columbia, South America,” according to the amended verified complaint. The vehicle in question was rented from Superent de La *1035 Costa, sublicensee of Superent, Ltda. Superent, Ltda was granted the right to operate an automobile rental business under the name "Hertz” (and to sublicense others to use the name "Hertz”) by virtue of an assignment of the license granted by Hertz International, Ltd. to one Carlos F. Gonzalez of Bogota, Columbia.
On the night of October 27, 1982, plaintiff was a passenger in a Chevrolet Champ pickup truck driven by defendant Randolph Evans. The vehicle was rented by plaintiff and defendant Evans from Superent de La Costa in Cartagena. Traveling along an unlit road, the driver encountered a pile of sand in the roadway. He successfully swerved to avoid the sand, but crashed instead into a pile of gravel some six to eight feet high. Plaintiff was thrown into contact with the shattered windshield, sustaining injury to her head and face.
The amended complaint enumerates three causes of action based, respectively, on the legal theories of negligence, fraud and breach of contract. The first cause of action alleges that Hertz maintains a place of business in Cartagena, Columbia, for the renting of motor vehicles and that the vehicle in question was owed by Hertz. Liability is predicated on the alleged failure "to maintain proper brakes and steering mechanisms”.
The allegation in the complaint, however, is unsupported by an affidavit indicating that the vehicle was in any way defective. Neither plaintiff in her affidavit nor the individual defendant in the excerpt of his deposition attached to defendants’ motion papers state that there was any defect in the vehicle which contributed to the accident. It is well settled that, to defeat a motion for summary judgment, a party must lay bare his facts and present sufficient evidentiary proof to establish a genuine triable issue of fact (Smith v Johnson Prods. Co., 95 AD2d 675 [1st Dept 1983]). A motion for summary judgment may not be defeated by surmise, conjecture and suspicion (Gray Mfg. Co. v Pathe Indus., 33 AD2d 739 [1st Dept 1969], affd 26 NY2d 1045). Nor are bald conclusory assertions, even if entirely plausible, sufficient to defeat the motion (Mayer v McBrunigan Constr. Corp., 105 AD2d 774 [2d Dept 1984]). Plaintiff has therefore failed to establish facts sufficient to raise the issue of negligence in the maintenance of the vehicle.
The second cause of action, sounding in fraud, suffers from a similar shortcoming. Plaintiff alleges that because Superent de *1036 La Costa prominently displayed "Hertz” signs and literature, honored her Hertz discount card and generally held itself out to be part of the business enterprise of Hertz, she was fraudulently induced into renting a vehicle from that corporation. In the affirmation in opposition to the motion, it is asserted that the elements of fraud are present. These are stated to be "Material misrepresentations; Falsity of the representations; Defendant’s knowledge of the falsity; Intent to deceive; Ignorance of the plaintiff: reliance by the plaintiff; and Injury.” However, this statement is not entirely accurate. Fraud is a material misrepresentation, known by the maker to be false, made with the intent to deceive, upon which plaintiff innocently relies and as a result of which plaintiff sustains injury. Conspicuously absent from the pleadings is a showing of the requisite nexus between the alleged misrepresentation and the injury sustained by plaintiff. Even construing the facts in a light most favorable to plaintiff (Weiss v Garfield, 21 AD2d 156 [3d Dept 1964]) and assuming that she was duped into renting a vehicle from Superent de La Costa by fraud, the asserted misrepresentation cannot be said to have caused her injury which, as noted above, is not claimed to have been caused by any defect in the vehicle’s condition.
The parties devote a great deal of attention to the question of whether Superent de La Costa is (1) the alter ego or (2) the apparent agent (agency by estoppel) of Hertz. In support of their motion, defendants rely on the case of Bank v Rebold (69 AD2d 481 [2d Dept 1979]). As the court in Bank pointed out, liability cannot be supported on the alter ego theory because each of the corporations involved has its own separate assets, employees and business (Berkey v Third Ave. Ry. Co., 244 NY 84 [1926]). Apparent agency, however, is a question of fact and " 'may arise from acts and appearances which lead others to believe that such a relationship has been created’.” (Bank v Rebold, 69 AD2d, at p 492.)
In the case at bar, the pleadings contain ample information from which a trier of fact might conclude that Superent de La Costa is the apparent agent of Hertz. The advertising slogan, "You don’t just rent a car. You rent a company”, renders the position that Hertz has no association with its independent licensees less than convincing in the face of the obvious attempt to convey an entirely opposite impression (see, Wood v Holiday Inns, 508 F2d 167 [5th Cir 1975]).
The operative question, however, is not whether apparent agency can be demonstrated, but whether the doctrine has *1037 any application to the facts at issue. As the Bank case (supra) stated, "In order to invoke the doctrine of apparent authority or agency by estoppel, the harm incurred by the injured party must have been caused by the one appearing to be a servant or other agent.” (69 AD2d, at p 493.) Plaintiff herein has not demonstrated that Superent de La Costa, the licensee, has breached any duty it may have owed to her under either a tort or contract theory. Nor can it be suggested that the individual defendant is an agent or employee of the licensee. Plaintiff’s second cause of action is therefore insufficient.
While defendants seek to exempt it from the scope of their motion for summary judgment, this court will examine plaintiff’s third cause of action sua sponte in the interests of judicial economy.
Plaintiff’s final cause of action asserts that she is a third-party beneficiary of a provision in corporate defendants’ contract with Gonzalez. This agreement, by its terms, is binding upon the sublicensee, Superent de La Costa, from whom the vehicle was rented. The provision requires the rental company to afford minimum amounts of comprehensive, collision and bodily injury insurance to all renters at no extra charge. Plaintiff asserts that she is clearly an intended beneficiary of this contractual provision. She further concludes that "The defendant, Hertz International Ltd. (a wholly [sic] subsidiary of the Hertz Corporation), breached those terms of the above mentioned contract intended to benefit the plaintiff, Charlene M. Hamilton, including those terms which obligated the defendant, Hertz International Ltd. (a wholly [sic] subsidiary of the Hertz Corporation) to assure that Gonzalez and/or his agents, servants and employees complied with the terms of the above mentioned contract which were intended for the benefit of the plaintiff.” What plaintiff is attempting to fashion is a cause of action for the negligent performance of a contract, which simply does not exist at law. Even if a breach is willful, where no public right is involved the law imposes no further penalty than if the breach is merely inadvertent (see, e.g., Trans-State Hay & Feed Corp. v Faberge, Inc., 42 AD2d 535 [1st Dept 1973], affd 35 NY2d 669; Van Valkenburgh, Nooger & Neville v Hayden Pub. Co., 33 AD2d 766 [1st Dept 1969], affd 30 NY2d 34, cert denied 409 US 875; Restatement of Contracts § 342; 14 NY Jur, Damages, § 183, at 45-46 [rev ed]).
The failure in plaintiff’s argument is the absence of any requirement imposed by law upon Hertz to provide her with insurance, in which case she might argue that such duty was *1038 nondelegable. The mere fact that Hertz gratuitously made provision for such insurance to be furnished by its licensee, however, affords plaintiff no direct right of action against Hertz upon breach by its licensee. As an intended donee beneficiary of the agreement, plaintiff has the right to proceed against the promisor (Restatement [Second] of Contracts § 304) which is clearly Superent de La Costa. Plaintiff has no basis upon which to hold Hertz answerable for its licensee’s breach. Nor is there any theory of law which renders Hertz an insurer for any harm which might arise from the operation of a vehicle rented from one of its licensees.
Plaintiff has failed to establish any basis for recovery from defendants the Hertz Corporation and Hertz International, Ltd. Accordingly, the complaint is dismissed as to the corporate defendants only, and is continued as to defendant Randolph Evans.
Settle order.