■ MEGARIS FURS, INC., Appellant, v GIMBEL BROTHERS, INC., Respondent. (And One Other Action.) ARTHUR EDELL et al., Appellants, v GIMBEL BROTHERS, INC., Respondent and Counterclaim Plaintiff, et al., Counterclaim Defendants.—Order of the Supreme Court, New York County (David H. Edwards, J.), entered December 19, 1989, which granted defendant's cross-motion for summary judgment as to plaintiff's first, second and third causes of action, granted plaintiff's motion to amend the complaint to assert the proposed fourth and fifth causes of action, and denied leave to amend the complaint to assert the proposed first, second, third, sixth, seventh, eighth and ninth causes of action, unanimously modified, on the law, to the extent of denying leave to amend the complaint and, except as so modified, affirmed, without costs.

Order of the Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered on or about November 16, 1989 which granted defendant's cross-motion for summary judgment as to plaintiffs' first, second and third causes of action, granted plaintiffs' motion to amend the complaint to assert the proposed third, fourth and seventh causes of action, and denied leave to amend the complaint to assert the proposed first, second, fifth, sixth, eighth and ninth causes of action, unanimously modified, on the law, to the extent of denying leave to amend the complaint and, except as so modified, affirmed, without costs.

While leave to amend a pleading is freely granted (CPLR 3025 [b]; *Edenwald Contr. Co. v City of New York,* 60 NY2d 957), this court has consistently held that, in order to conserve judicial resources, an examination of the underlying merits of the proposed causes of action is warranted *(Brennan v City of New York,* 99 AD2d 445; *East Asiatic Co. v Corash,* 34 AD2d 432). Leave to amend will be denied where the proposed pleading fails to state a cause of action *(Crimmins Contr. Co. v City of New York,* 74 NY2d 166; *Stroock & Stroock & Lavan v Beltramini,* 157 AD2d 590). To make out a cause of action for fraud, this court has stated that "a party must allege representation of a material existing fact, falsity, scienter, deception and injury. *(Reno v Bull, supra,* 226 NY, at 550.) Furthermore, each of these essential elements must be supported by factual allegations sufficient to satisfy CPLR 3016 (b), which

requires, in the case of a cause of action based on fraud, that 'the circumstances constituting the wrong shall be stated in detail.' CPLR 3016 (b) 'imposes a more stringent standard of pleading than the generally applicable "notice of the transaction" rule of CPLR 3013, and complaints based on fraud * * * which fail in whole or in part to meet this special test of factual pleading have consistently been dismissed'. *(Lanzi v Brooks,* 54 AD2d 1057, 1058, *affd* 43 NY2d 778; *see,* 60 NY Jur 2d, Fraud and Deceit, § 227.)" *(Edison Stone Corp. v 42nd St. Dev. Corp.,* 145 AD2d 249, 257; *see also, New York Fruit Auction Corp. v City of New York,* 81 AD2d 159, 161; *cf., Fidelity & Deposit Co. v Andersen & Co.,* 131 AD2d 308.)

The respective pleadings in these two actions, consolidated for appeal, each state a cause of action for breach of contract which, with the addition of suitable verbiage, is transmogrified into eight additional causes of action which sound in tort, ranging from fraud to intentional interference with contractual relations. In each case, the underlying contract action is without merit, and amendment of the complaints should have been denied in the entirety and the complaints dismissed.

Plaintiffs operated concessions under license from defendant in its department stores—Megaris, a fur salon and the Edells a health food department. These actions arise from the closing of Gimbel Brothers' ("Gimbels") department stores and termination of the agreements under which the respective plaintiffs operated. The gravaman of the dispute is the application of a clause contained in a paragraph entitled "<u>Destruction of Space</u>" which provides: "In the event of a fire or any other casualty of any kind whatsoever which may result in the substantial destruction of any Space then occupied by Licensee or if Gimbels shall discontinue or dispose of the business now conducted by it in any of the Stores, the license granted pursuant to this Agreement hereunder shall terminate * * * and * * * neither party shall be liable to the other for any loss or damage resulting therefrom." Plaintiffs argue that, simply because of the context, this clause should be applied only to discontinuance or disposal of Gimbels business which results from fire or other casualty. However, the provisions respecting destruction of the space and discontinuance of the business are stated in the alternative, and no such limitation may be read into the contract language. Moreover, while the provision terminating any obligation under the contract upon cessation of business by Gimbels appears in an unexpected context, it would be highly surprising in view of the Court of Appeals' decision in *407 E. 61st St. Garage v Savoy*

*Fifth Ave. Corp.* (23 NY2d 275, 280) if the contract failed to contain a provision expressly stating the obligor's intent to be bound only so long as viable commercial operations can be continued.

The remainder of plaintiff's respective complaints, which both assert the same causes of action and rely on the same theories to support them, represent an attempt to recast the breach of contract allegations as tort claims. As the Court of Appeals has stated,

"It is a well-established principle that a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated * * *. This legal duty must spring from circumstances extraneous to, and not constituting elements of, the contract, although it may be connected with and dependent upon the contract * * *.

"Merely charging a breach of a 'duty of due care', employing language familiar to tort law, does not, without more, transform a simple breach of contract into a tort claim" *(Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382, 389-390).

Plaintiffs' second cause of action alleges negligent performance of the contract, a cause of action which simply does not exist *(Hamilton v Hertz Corp.,* 130 Misc 2d 1034, 1037).

Plaintiffs' third cause of action, which alleges that they were fraudulently induced to enter into the agreement by defendant's fraudulent representation that "it would perform its obligations under the agreements for a ten year period", is barred by the Statute of Frauds. In view of the recitation in the respective agreements that the term of the contract is ten years "unless sooner terminated pursuant to another provision hereof", the statement constitutes a promissory representation and not a fraudulent inducement (Fisch, New York Evidence § 53 [2d ed]), and parol evidence may not be introduced to contradict the express provisions of the contract *(Leumi Fin. Corp. v Richter,* 17 NY2d 166, 173; *Buckthorn, Ltd. v Rollins Burdick Hunter,* 109 AD2d 8, 10; *LeBovici v Jamaica Sav. Bank,* 81 AD2d 150, *affd* 56 NY2d 522). The bar against the introduction of parol evidence is also fatal to the fifth cause of action asserted in the respective complaints, which restates the claim of fraudulent inducement, further alleging that Gimbels was negligent in making its representation.

Plaintiffs' fourth and sixth causes of action are similar to

the third and fifth, except that they concern representations made in the course of performance of the agreement. The fourth cause of action charges that Gimbels represented that rumors circulating in the retail industry to the effect that Batus, Inc., Gimbels' parent company, intended to discontinue to operate the stores were untrue; that the representation was known to be false; that it was made with the intent to induce plaintiffs to continue performance under their respective agreements with Gimbels; that plaintiffs justifiably relied upon the representation by continuing to perform; and that, as a proximate consequence, plaintiffs suffered the loss of sales and profits as well as other unspecified consequential damages. The sixth cause of action repeats these allegations, asserting that the representations were negligently made.

Naoum Megaris, in his affidavit, states that certain, named Gimbels employees, on "several" unspecified occasions, told him that "to their knowledge, the rumors were untrue." He adds, "Had I been advised of the true situation by Gimbels' employees when I first inquired, I would have closed 'Megaris Furs at Gimbels' immediately and, thus, saved substantial time, effort and money." Arthur S. Edell, in his affidavit, similarly states that on "several" unspecified occasions, named Gimbels' employees "repeatedly responded that the rumors were not true. If I had been advised of the true situation by Gimbels' employees when I first inquired, I would have closed 'Healthfair at Gimbels' immediately and, thus, saved substantial time, effort, and money."

The fundamental flaw in the allegation of fraud stated in the respective complaints concerns the element of reliance. As stated by one authority. "The causal connection between the wrongful conduct and the resulting damage, essential throughout the law of torts, takes in cases of misrepresentation the form of inducement of the plaintiff to act, or to refrain from acting, to his detriment" (Prosser, Torts § 108, at 714 [4th ed]). Simply put, one cannot be induced to tender a performance which is required as a part of a preexisting contractual obligation. As the Appellate Division, Second Department stated the rule, a plaintiff "cannot claim to have been defrauded into doing what it already was legally bound to do *(Vanderbilt v Schreyer,* 91 NY 392; 12 Williston, Contracts [3d ed], § 1515; see also, *Hudson City Sav. Inst. v Burton,* 88 AD2d 728)" *(New York State Urban Dev. Corp. v Garvey Brownstone Houses,* 98 AD2d 767, 771). In *IBM Credit Fin. Corp. v Mazda Motor Mfg. (USA) Corp.* (152 AD2d 451, 453), this court held that, where Mazda was already contractually bound to comply

with a particular schedule of rent payments, a letter alleged in its counterclaim to contain fraudulent representations with respect to those payments "cannot be reasonably regarded as a communication which constitutes an inducement in reliance upon which Mazda changed its position". Likewise, plaintiffs herein could not have been induced to continue to perform obligations already required by their respective agreements with Gimbels. In addition, plaintiffs do not connect the losses purported to have been sustained due to lost sales and profits to the misrepresentations alleged to have been made Gimbels' employees. The elements of fraud are a material misstatement, known by the perpetrator to be false, made with an intent to deceive, upon which the plaintiff reasonably relies and *as a result* of which he sustains damages. Plaintiffs' pleadings are devoid of any attempt to demonstrate the requisite nexus between the misrepresentation alleged to have been made and the injury said to have been sustained *(Glassman v Catli,* 111 AD2d 744, 745; *Hamilton v Hertz Corp., supra,* 130 Misc 2d 1034, 1036).

In their seventh cause of action, plaintiffs attempt to assert their first six causes of action against Batus, Inc. and Batus Retail Group, Inc., parent corporations of Gimbel Brothers, Inc. Aside from the lack of merit to the substance of the complaint, this court has stated: "It is well settled that there must be complete domination and control of subsidiary before the parent's corporate veil can be pierced. Stock control, interlocking directors and officers, and the like are in and of themselves insufficient. The control must actually be used to commit a wrong against the plaintiff and must be the proximate cause of the plaintiff's loss" *(Musman v Modern Deb,* 50 AD2d 761, 762). Plaintiffs have demonstrated neither complete domination and control with respect to the transactions at issue nor the use of that control to direct Gimbels' employees to defraud them *(Eastern States Elec. Contrs. v Crow Constr. Co.,* 153 AD2d 522, 523).

Plaintiffs' eighth cause of action alleges intentional interference by Batus, Inc. and Batus Retail Group, Inc. with the respective contracts between them and Gimbels. In addition to plaintiffs' failure to set forth sufficient grounds to disregard the corporate form, there is no breach by Gimbels which the parent corporations can be said to have procured. In the absence of a breach, the action cannot stand *(Israel v Wood Dolson Co.,* 1 NY2d 116, 120).

Plaintiffs' ninth cause of action alleges that Batus, Inc. and Batus Retail Group, Inc. failed to disclose to their subsidiary

that a decision had been made to discontinue the operation of Gimbels' business. Plaintiffs have not demonstrated that their relationship with Gimbels was such that a duty to disclose this information arose *(County of Westchester v Welton Becket Assocs.,* 102 AD2d 34, 50-51, *affd* 66 NY2d 642; *see also, Edison Stone Corp. v 42nd St. Dev. Corp., supra,* 145 AD2d 249, 257). Nor have they shown that any duty on the part of Gimbels' parent corporations required them to disclose their intention to curtail its operations, assuming such an intention had been formed.

The election by an enterprise to terminate its business operations is not, without more, a basis for an action by contracting parties adversely affected by its decision. This is not to say that an enterprise which has induced justifiable reliance on its continued existence as a going concern, either by implication under the terms of an express agreement *(407 E. 61st St. Garage v Savoy Fifth Ave. Corp., supra,* 23 NY2d 275; *Wigand v Bachmann-Bechtel Brewing Co.,* 222 NY 272) or by material misrepresentation inducing a change of position *(Bull HN Information Sys. v American Express Bank,* Copyright L Rep [CCH] para 26,555 [SD NY No. 88 Civ 2103, Apr. 6, 1990]; 1990 US Dist Lexis 3819) may not be held liable for damages sustained as a result. But only that, where a cause of action is based upon misrepresentation, the plaintiff must allege with specificity an inducement which caused a change in his position and injury which was sustained as a consequence. Plaintiffs, in their respective pleadings, have failed to assert either of these elements and, thus, their allegations of fraud are insufficient. Accordingly, leave to amend was granted in error, and the complaints should have been dismissed. Concur—Milonas, J. P., Rosenberger, Asch, Smith and Rubin, JJ.