█ SENARH S.A., Respondent-Appellant, v PAUL MORGAN, Appellant-Respondent. [882 NYS2d 117]—

Judgment, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered June 10, 2008, upon a jury verdict awarding plaintiff damages in the amount of $4 million, plus prejudgment interest, costs and disbursements, and bringing up for review an order, same court and J.H.O., entered March 27, 2008, which, inter alia, denied in part defendant's motion to set aside the verdict, unanimously reversed, on the law, with costs, defendant's motion to set aside the verdict granted, the judgment vacated and the complaint dismissed. The Clerk is directed to enter an amended judgment accordingly.

In this action for fraud arising out of the purchase of soybean

oil by plaintiff from defendant, the evidence presented at trial was legally insufficient to support the jury's finding that plaintiff relied upon false statements made by defendant in two letters sent to plaintiff in July 2003, in opening and maintaining a letter of credit. Plaintiff opened the June 2003 letter of credit prior to the letters being sent by defendant to plaintiff; plaintiff therefore could not have relied on those letters in opening the June 2003 letter of credit. Moreover, pursuant to the terms of the May 2003 contract entered into by plaintiff for the purchase of the soybean oil, plaintiff was obligated to post the letter of credit as the means of payment for the soybean oil. It is well settled that a party cannot be defrauded into doing that which it is legally bound to do (*see Megaris Furs v Gimbel Bros.*, 172 AD2d 209, 212-213 [1991]; *Bank Leumi Trust Co. of N.Y. v D'Evori Intl.*, 163 AD2d 26, 33 [1990]). The replacement letter of credit posted by plaintiff on August 7, 2003, was also posted as part of plaintiff's contractual obligation under the contract. Plaintiff was required to post the replacement letter of credit as a result of its own failure to post the original letter of credit in a timely fashion, and in order to accommodate its own request that the delivery date for the soybean oil be moved to mid-August. Plaintiff's claim that it relied on the false representations in the July letters after the August 7, 2003, letter of credit expired, when it posted a new letter of credit in an increased amount on August 22, 2003, is also unavailing since plaintiff posted the August 22, 2003 letter of credit in reliance upon defendant's mid-August statement that the amount of soybean oil to be shipped was greater than that contemplated in the contract, and the parties agreed to increase the purchase price to reflect that change. Consequently, plaintiff failed to prove an essential element of its fraud claim, to wit, reliance (*see Megaris Furs*, 172 AD2d at 213), and defendant's motion to set aside the jury's verdict should have been granted.

In view of the foregoing, we need not reach the parties' remaining contentions concerning damages. Concur—Andrias, J.P., Sweeny, McGuire, Acosta and Richter, JJ.