Order, Supreme Court, New York County (Sherry Klein Heitler, J), entered on or about July 7, 2004, which granted the motion and cross motion to dismiss the complaint of defendants St. Vincent’s Hospital and Bakalchuk, and denied plaintiffs motion to amend the complaint, unanimously affirmed, without costs.
Plaintiff received emergency treatment for a sinus condition from defendant doctor at St. Vincent’s Hospital. Upon her request for a letter to provide to her employer, defendant doctor allegedly gave her a discharge form, which she allegedly gave to her employer without reading. Plaintiff thereafter discovered that the doctor used vulgar language on the discharge form in stating the treatment prescribed. Plaintiff commenced an action against the hospital and the doctor seeking recompense for the intentional infliction of emotional distress.
By including vulgar language on the discharge form, the doctor plainly was acting outside the scope of his employment, and the hospital therefore could not be held liable for the doctor’s actions under a theory of respondeat superior (see Judith M. v Sisters of Charity Hosp., 93 NY2d 932 [1999]; Melbourne v New York Life Ins. Co., 271 AD2d 296 [2000]). Accordingly, the court below properly dismissed the action against the hospital.
Moreover, the facts as alleged fail to establish a cause of action. To establish a claim based on the intentional infliction of emotional distress, a plaintiff must establish: (1) extreme and outrageous conduct; (2) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress (Howell v New York Post Co., 81 NY2d 115, 121 [1993]). The conduct challenged here, while extremely offensive and bizarre, does not satisfy the requirement of outrageous conduct that could be considered “beyond all possible bounds of decency” and “utterly intolerable in a civilized community” as to be actionable (Murphy v American Home Prods. Corp., 58 NY2d 293, 303 [1983] [internal quotation marks omitted]). Therefore, even accepting the facts as alleged in the complaint to be true, plaintiff has failed to make a prima facie showing, and the court properly dismissed the complaint (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]).
*420 The court properly denied plaintiffs motion for leave to amend the complaint to add a new cause of action for the negligent hiring and retention of defendant doctor (see Thomas Crimmins Contr. Co. v City of New York, 74 NY2d 166 [1989]; Megaris Furs v Gimbel Bros., 172 AD2d 209 [1991]). Underlying such claim would be the vulgarity included in the discharge form, which was insufficient to sustain a cause of action. Concur—Saxe, J.P., Sweeny, Moskowitz, Acosta and Richter, JJ.