# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1183**

**CA 11-01087**

PRESENT: SCUDDER, P.J., SMITH, SCONIERS, GORSKI, AND MARTOCHE, JJ.

---

OMAR HILL, PLAINTIFF-APPELLANT,

V                                                   MEMORANDUM AND ORDER

LILLIE B. MILAN, DEFENDANT-RESPONDENT.

---

WILLIAM K. MATTAR, P.C., WILLIAMSVILLE (ANTHONY J. TANTILLO OF COUNSEL), FOR PLAINTIFF-APPELLANT.

BOUVIER PARTNERSHIP, LLP, BUFFALO (NORMAN E.S. GREENE OF COUNSEL), FOR DEFENDANT-RESPONDENT.

-----------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Gerald J. Whalen, J.), entered August 18, 2010 in a personal injury action. The order denied the motion of plaintiff for leave to reargue the order of the court entered March 22, 2010 and to vacate or modify the order of the court entered December 9, 2009.

It is hereby ORDERED that said appeal from the order insofar as it denied leave to reargue is unanimously dismissed and the order is otherwise affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained when he was struck by a vehicle owned by defendant. Plaintiff appeals from an order that denied his motion seeking, inter alia, leave to renew or reargue his prior motion insofar as it sought to extend his time to appear for an independent medical examination (IME). We conclude at the outset that the appeal from the order insofar as it denied that part of plaintiff's motion seeking leave to renew or reargue must be dismissed. In support of that part of the motion seeking leave to renew, plaintiff failed to offer new facts that were unavailable at the time of his prior motion. Thus, that part of plaintiff's motion purportedly seeking leave to renew was actually seeking leave to reargue, and no appeal lies from an order denying leave to reargue (*see Matter of Wayne T.I. v Latisha T.C.*, 48 AD3d 1165; *Schaner v Mercy Hosp. of Buffalo*, 16 AD3d 1095, 1096).

Contrary to the contention of plaintiff, Supreme Court properly denied that part of his motion seeking to vacate a conditional order dismissing the complaint based on his failure to appear and submit to an IME at a specified date and time (*see generally* CPLR 5015 [a] [1]; *Lauer v City of Buffalo*, 53 AD3d 213, 215-216). Plaintiff failed to establish a reasonable excuse for his failure to appear at the IME and

a potentially meritorious cause of action (*see Castle v Avanti, Ltd.*, 86 AD3d 531; *Testa v Koerner Ford of Syracuse*, 261 AD2d 866, 868).

Entered:  November 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court