# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**42**

**CA 15-00382**

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, CARNI, AND SCUDDER, JJ.

---

GMAC MORTGAGE, LLC, SUCCESSOR BY MERGER TO GMAC
MORTGAGE CORPORATION, FORMERLY KNOWN AS GMAC
MORTGAGE CORPORATION OF PA, PLAINTIFF-RESPONDENT,

                V                               MEMORANDUM AND ORDER

MICHAEL H. SPINDELMAN AND MARGARET A. SPINDELMAN,
DEFENDANTS-APPELLANTS.

---

DREW & DREW, LLP, BUFFALO (DEAN M. DREW OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

HINSHAW & CULBERTSON LLP, NEW YORK CITY (BENJAMIN NOREN OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------------------------------------

     Appeal from an order of the Supreme Court, Erie County (Thomas P. Franczyk, A.J.), entered May 19, 2014.  The order denied the motion of defendants for leave to reargue and renew their prior motion to vacate a judgment of foreclosure.

     It is hereby ORDERED that said appeal from the order insofar as it denied leave to reargue is unanimously dismissed and the order is otherwise affirmed without costs.

     Memorandum:  After plaintiff commenced this mortgage foreclosure action, a default judgment of foreclosure was entered against defendants in April 2008.  Five years later, defendants moved to vacate the judgment pursuant to CPLR 5015 (a) (1) contending, inter alia, that plaintiff lacked standing to commence the action against them.  Supreme Court denied that motion, concluding that defendants had waived their right to assert the affirmative defense of plaintiff's lack of standing to commence the action and that, in any event, plaintiff had standing to commence the action.  Defendants' appeal from that order was dismissed for failure to perfect (*see* 22 NYCRR 1000.12).

     Meanwhile, defendants filed a motion that was identified as a motion for leave to reargue the motion to vacate.  Attached to that motion, however, were documents not previously submitted on the motion to vacate.  The court informed the parties that it was treating the motion as a "hybrid" motion for leave to reargue and leave to renew and permitted them to submit additional documentary evidence.  Ultimately, the court denied the motion for leave to reargue and leave to renew "in all respects."  Defendants now appeal from the order

denying that motion.

Plaintiff contends that this appeal is not properly before us because defendants' motion was "identified specifically" as a motion for leave to reargue (CPLR 2221 [d] [1]), and it is well settled that "no appeal lies from an order denying leave to reargue" (*Hill v Milan*, 89 AD3d 1458, 1458).  While we agree with plaintiff that defendants failed to identify the motion as a motion for leave to renew (*see* CPLR 2221 [e] [1]) and, to the extent that defendants' motion was a combined motion for leave to reargue and leave to renew, failed to "identify separately and support separately each item of relief sought" (CPLR 2221 [f]), we reject plaintiff's contention that those failures are fatal to the entire appeal (*see Boakye-Yiadom v Roosevelt Union Free Sch. Dist.*, 57 AD3d 929, 930-931; *Petsako v Zweig*, 8 AD3d 355, 355-356; *Matter of Hurley v Avon Cent. Sch. Dist.*, 187 AD2d 983, 983; *see generally* CPLR 103 [c]; 104).

We agree with plaintiff, however, that the appeal from that part of the order denying leave to reargue must be dismissed (*see Hill*, 89 AD3d at 1458).  Even assuming, arguendo, that defendants' contentions arise from the denial of the motion for leave to renew, we conclude that the motion for leave to renew was properly denied.  All of the new facts submitted by defendants on the motion for leave to renew were obtained from public documents on file with the Erie County Clerk, which could have been obtained at any time during the five-year period between the time the judgment was issued and the time defendants filed the original motion to vacate (*see N.A.S. Partnership v Kligerman*, 271 AD2d 922, 923; *see also Vieyra v Penn Toyota, Ltd.*, 116 AD3d 840, 841, *lv dismissed in part and denied in part* 24 NY3d 1217; *Welch Foods v Wilson*, 247 AD2d 830, 830).  Inasmuch as defendants failed to establish "a 'reasonable justification for the failure to present [the new] facts on the . . . motion [to vacate],' " the court lacked discretion to grant the motion seeking leave to renew (*Robinson v Consolidated Rail Corp.*, 8 AD3d 1080, 1080; *see Sobin v Tylutki*, 59 AD3d 701, 702).

In light of our determination, we do not address defendants' remaining contentions.

Entered:  February 11, 2016                     Frances E. Cafarell
                                                Clerk of the Court