Dogwood Residential, LLC v Stable 49, Ltd. (2018 NY Slip Op 01574)





Dogwood Residential, LLC v Stable 49, Ltd.


2018 NY Slip Op 01574


Decided on March 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2018

Friedman, J.P., Andrias, Singh, Moulton, JJ.


5963 157621/15

[*1]Dogwood Residential, LLC, et al., Plaintiffs-Respondents,
v
Stable 49, Limited, Defendant-Appellant.


Braverman Greenspun, P.C., New York (Tracy Peterson of counsel), for appellant.
Rosenberg Calica & Birney LLP, Garden City (Ronald J. Rosenberg of counsel), for respondents.



Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered December 30, 2016, which, to the extent appealed from, granted plaintiffs' motion for leave to reargue defendant's motion for summary judgment dismissing the complaint, and, upon reargument, denied defendant's motion as to the claims for breach of contract and attorneys' fees, and granted plaintiffs leave to amend the complaint to assert a breach of fiduciary duty claim against defendant's board of directors, unanimously affirmed, without costs.
Plaintiffs allege that defendant breached their proprietary lease by failing to make necessary repairs to the private elevator and roof that are part of the "exclusive area" appurtenant to their penthouse apartment. The proprietary lease obligates shareholder lessees to maintain their apartments, except for repair and maintenance of the "Building's structure," for which defendant is solely responsible so long as such repair or maintenance is not necessitated by the lessees' use.
In support of its motion, defendant submitted plaintiff Blumenfeld's pre-closing written representation that he would accept responsibility for repairs of the elevator and roof, on which defendant contends it relied in approving plaintiffs' purchase application, and evidence that plaintiffs thereafter filed an application for a work permit with the Department of Buildings. The motion court initially ruled that plaintiffs' claims were barred by the doctrine of estoppel. Plaintiffs then moved for leave to reargue and renew on the ground that the pre-closing representation was parol evidence offered to contradict or modify the terms of the proprietary lease, and could not be considered.
The court providently exercised its discretion in granting plaintiffs leave to reargue although they failed to comply with the requirement of CPLR 2221(f) that in a combined motion for reargument and renewal each item of relief be separately identified (see generally Corporan v Dennis, 117 AD3d 601 [1st Dept 2014]; see also GMAC Mtge., LLC v Spindelman, 136 AD3d 1366, 1367 [4th Dept 2016]). The court also providently exercised its discretion in considering a legal argument not expressly made by plaintiffs in opposition to defendant's motion, since the issue could not have been avoided if it had been raised at that stage (see generally Harrington v Smith, 138 AD3d 548 [1st Dept 2016]; see also Rochester v Quincy Mut. Fire Ins. Co., 10 AD3d 417, 418-419 [2d Dept 2004]).
As Blumenfeld made the representation that he would be responsible for structural repairs before the parties entered into the lease, and the lease unambiguously provides that structural repairs are defendant's sole responsibility, the representation cannot be considered for the purpose of contradicting the terms of the lease (Marine Midland Bank-S. v Thurlow, 53 NY2d 381 [1981]; Cellular Mann, Inc. v JC 1008 LLC, 113 AD3d 521 [1st Dept 2014]; see also Continental Bank & Trust Co. of N.Y. v W.A.R. Realty Corp., 265 App Div 729, 733 [1st Dept 1943] ["The parol evidence rule cannot be evaded or set aside by the device of claiming an estoppel"]; Le Bovici v Jamaica Sav. Bank, 81 AD2d 150, 152 [2d Dept 1981], affd 56 NY2d 522 [1982]). The motion court providently exercised its discretion in granting plaintiffs leave [*2]to assert the breach of fiduciary duty claim against defendant's board of directors (see Y.A. v Conair Corp., 154 AD3d 611, 612 [1st Dept 2017]). The court properly overlooked plaintiffs' failure to attach a proposed amended complaint since the proposed amendment was adequately described in their notice of motion and the attorney affirmation (see Berkeley Research Group, LLC v FTI Consulting, Inc., __ AD3d ___, 2018 NY Slip Op 00222, *3 [1st Dept, Jan. 11, 2018]; accord Putrelo Constr. Co. v Town of Marcy, 137 AD3d 1591, 1592 [4th Dept 2016]).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 13, 2018
CLERK