■ Mohan Shah, Respondent, v Eastern Silk Industries, Ltd., et al., Appellants.—Order, Supreme Court, New York County (Kenneth L. Shorter, J.), entered March 13, 1985, which, inter alia, granted plaintiff's motion for an order of attachment and denied the defendants' cross motion to dismiss the complaint, is unanimously reversed, on the law and plaintiff's motion is denied and defendants' cross motion is granted, with costs.

Plaintiff, an Indian national, has his principal place of business in New York County. Defendant Eastern Silk Industries, Ltd. (Eastern Silk) and Gemini Overseas, Ltd. (Gemini) are publicly owned corporations of the Republic of India, and are not authorized to do business in New York State. These two defendants have the same officers, directors and stockholders.

In 1982, plaintiff entered into a separate written agreement with each defendant, to be, in substance, their agent in North and South America for the sale of cotton silk fabrics, cotton/silk scarves, stoles, sarees, leather articles, handicraft items and the like. It is undisputed that both contracts contain an identical broad arbitration clause, which provides for the arbitration of any disputes in India.

Sometime in 1984, plaintiff commenced the instant action against defendants to recover damages for alleged wrongful termination of the contracts. Soon after service of the summons and complaint, the plaintiff moved for an order of attachment. In response, defendants cross-moved to dismiss this action for want of subject matter jurisdiction (CPLR 3211 [a] [2]), upon the grounds that the parties had agreed to arbitrate disputes in India, and that under the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards (UN Convention) (9 USC §§ 201, 202), to which the United States and India are parties, prejudgment attachments are not permitted. Special Term granted plaintiff's motion and denied defendants' cross motion.

We find that Special Term erred.

Our review of the record indicates a clear and unambiguous agreement between the parties to arbitrate "[a]ny dispute or claims arising out of or relating to [these agreements]" before the Council of Arbitration in India. We reject plaintiff's contentions that this arbitration clause is not binding, and that plaintiff may show the "actual intent" of the parties. The parol evidence rule applies when the written understanding is "clear and unambiguous", and the rule is intended to prevent "proof of an oral agreement to add to or vary the writing." (*Fogelson v Rackfay Constr. Co.,* 300 NY 334, 338.) Almost a hundred years ago, in *Thomas v Scutt* (127 NY 133, 142), the Court of Appeals held that this rule was designed so that a party could "protect himself against perjury, infirmity of memory or the death of witnesses".

Since the parties herein have selected arbitration as the forum in which to resolve their controversies and the instant controversy involves international commerce, the UN Convention is applicable. As mentioned (*supra*), the United States and India are signatories to this UN Convention, and accordingly, this arbitration is governed by the UN Convention, and pursuant to the terms thereof, we find that prejudgment attachment is prohibited. It was the intention of the UN Convention that there should be no significant judicial intervention until *after* an arbitration award is made. (*Cooper v Ateliers de la Motobecane,* 57 NY2d 408.)

Accordingly, we deny plaintiff's motion and grant defendant's cross motion. Concur—Kupferman, J. P., Ross, Fein, Kassal and Rosenberger, JJ.