OPINION OF THE COURT
Pearl B. Corrado, J.
In an action to recover damages arising from the replacement of traveler’s checks reported stolen by defendant, plaintiff moves for partial summary judgment on the first cause of action for breach of contract.
Defendant purchased traveler’s checks from plaintiff in the total amount of $18,000. In signing the purchase agreements, defendant agreed to be bound by the terms and conditions provided therein, including that each check be signed in the upper left corner "immediately upon receipt” and be countersigned in the lower left corner only when negotiated. It was *507 further agreed that the purchaser or the purchaser’s agent "will not be entitled to any refund if either of them fails to comply with any of the obligations of this Agreement, [or] if the checks are lost or stolen before Purchaser has signed them”.
Several days after the checks were purchased, defendant reported the checks stolen and completed a refund application stating therein that all of the stolen checks had been signed in the upper left corner. Plaintiff reimbursed defendant by issuing replacement traveler’s checks in the full amount of $18,000. Subsequent to the issuance of the replacement checks, plaintiff discovered that traveler’s checks totaling $14,000 had not been signed in the upper left corner by defendant as required by the purchase agreements and as defendant had stated in the refund application, thus enabling third parties to cash the checks. Plaintiff seeks to recover as damages the sum of $14,000 resulting from defendant’s breach of the terms and conditions of the purchase agreements.
Defendant acknowledges that he signed the purchase agreements and that he signed only $4,000 of the traveler’s checks in the upper left corner. In opposition to partial summary judgment, defendant asserts an oral modification of the terms of the purchase agreements with respect to his obligation to sign all of the checks. The alleged oral modification is based upon statements claimed to have been made by plaintiff’s agents both at the time of purchase of the checks and at the time a refund was sought. While plaintiff has made a prima facie showing of entitlement to partial summary judgment as a matter of law by proof of the purchase agreements, defendant’s breach and an affidavit of personal service of the summons and complaint, defendant’s affidavits and affirmative defenses are devoid of any evidentiary facts which raise triable issues of fact sufficient to defeat plaintiff’s motion.
The terms and conditions of the purchase agreements at issue are clear and unambiguous with respect to defendant’s obligations and plaintiff’s refund policy. Neither plaintiff nor its agents were required to further inform defendant as to the import of the agreements (Dunkin’ Donuts v Liberatore, 138 AD2d 559) and whether or not defendant chose to read the purchase agreements, he was, nevertheless, bound by their terms. (Da Silva v Musso, 53 NY2d 543, 550; Gillman v Chase Manhattan Bank, 135 AD2d 488, 491.) Parol evidence of any alleged oral agreements or understandings may not be introduced by defendant to contradict, vary or alter the express *508 terms of the contracts. (Marine Midland Bank-Southern v Thurlow, 53 NY2d 381, 387; Shah v Eastern Silk Indus., 112 AD2d 870, 871, affd 67 NY2d 632; LeBovici v Jamaica Sav. Bank, 81 AD2d 150, 152, affd 56 NY2d 522.)
Accordingly, the motion is granted and partial summary judgment is awarded plaintiff on the first cause of action.