■ EUROPEAN AMERICAN BANK, Respondent, v SHELDON STREISAND, Defendant, and VINCENT POLIMENI, Appellant. EUROPEAN AMERICAN BANK, Respondent, v SHELDON STREISAND et al., Appellants. EUROPEAN AMERICAN BANK, Respondent, v SHELDON STREISAND, Defendant, and VINCENT POLIMENI, Appellant.—Order, Supreme Court, New York County (William J. Davis, J.), entered February 28, 1991, which, *inter alia,* granted plaintiff's CPLR 3213 motion in the first above-entitled action; and judgment of said Court and Justice awarding plaintiff therein $3,182,043.49, unanimously affirmed.

Order of said Court and Justice, entered February 28, 1991, which, *inter alia,* granted plaintiff's CPLR 3213 motion in the second above-entitled action, unanimously affirmed. Order of said Court and Justice, entered February 27, 1991, which, in both above-entitled actions, denied defendant Vincent Polimeni's request for leave to renew his opposition to the CPLR 3213 motions, unanimously affirmed, with one bill of costs of these appeals payable to plaintiff.

In connection with the December 1985 sale of its corporate headquarters to a partnership controlled by defendants, plaintiff lent defendants $3 million to be used for working capital or capital or tenant improvements in connection with the premises. This loan was renewed annually for four years, with

the last such note being represented by the one year "MASTER INTEREST BEARING NOTE" dated April 6, 1989. Defendant Polimeni alone separately borrowed $500,000 and gave plaintiff a promissory note dated November 1, 1989, which provided amongst other events of defaults, "failure generally to pay its debts as they become due; failure to otherwise comply with the terms of any agreement in connection with the borrowing of money". The defendants failed to pay the $3 million note in April 1990. Plaintiff, after determining not to renew the note, declared a default under both instruments and, in July 1990, commenced these actions pursuant to CPLR 3213. Defendant Polimeni submitted personal affidavits in opposition to the motions only after plaintiff had submitted reply papers. The court rejected the affidavits as untimely and unauthorized sur-reply papers. After the court granted plaintiff's CPLR 3213 motions, defendant Polimeni sought leave to renew his opposition on the basis that a change in attorneys constituted a valid excuse for the late submission of his personal affidavits.

Plaintiff's case was made out by the submission of instruments for the payment of money only and proof of defendants' failure to make the payments pursuant to their terms *(Seaman-Andwall Corp. v Wright Mach. Corp.,* 31 AD2d 136, *affd* 29 NY2d 617). Defendants' assertions that the repayment of the $3 million note was subject to an oral condition that net operating income from the premises be sufficient to service the debt and/or that the note represented an equity contribution by the bank were insufficient to defeat the motions for summary judgment, as those assertions were conclusory, barren of any specificity as to the identity of bank officers with whom they negotiated or the time and place of such conversations *(Kornfeld v NRX Technologies,* 93 AD2d 772, *affd* 62 NY2d 686); and their substance, seeking to vary the unambiguous terms of the promissory note, is barred by the parol evidence rule *(supra; Shah v Eastern Silk Indus.,* 112 AD2d 870, *affd* 67 NY2d 632). As defendant Polimeni's personal affidavits in opposition to the motions were insufficient on their face, there was no abuse of discretion in the court's denial of leave to renew. We have considered defendants' other arguments and find them to be without merit. Concur—Murphy, P. J., Sullivan, Milonas, Rosenberger and Asch, JJ.