■ KEY BANK OF NEW YORK, N. A., Respondent, v K.H. ASSOCIATES et al., Appellants. [620 NYS2d 537] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Cardona, J.), entered September 13, 1993 in Albany County, which, inter alia, granted plaintiff's motion for summary judgment.

In this action to recover on a promissory note given to obtain a construction loan, defendants, the promisor and a guarantor, admit having executed the note and guaranty, having received $275,000 of the promised loan of $575,000 and having defaulted in repayment. In opposition to plaintiff's motion for summary judgment, the guarantor, defendant Olga B. Mahl, avers that plaintiff failed to meet its obligations under the building loan agreement, incorporated by reference into the note, in that it refused to provide the additional advances called for by that agreement, thereby rendering it impossible for defendants to complete the project from which they intended to obtain the funds for repayment. As noted by Supreme Court, however, plaintiff had no obligation to make further funds available until furnished with documentation reflecting the progress of the construction. The record is barren of any indication that defendants tendered that documentation.

Moreover, defendants' contrary argument notwithstanding, the record discloses no facts warranting an inference that plaintiff anticipatorily breached the agreement by "words or acts evincing an intention to refuse performance in the fu-

ture" (22 NY Jur 2d, Contracts, § 387, at 295). Rather, in Mahl's affidavit, which contains the only evidence defendants proffer to withstand plaintiff's motion, she simply states that plaintiff refused "to make requested advances" despite "numerous oral and written requests"; even if these conclusory allegations, wholly lacking in any specificity or detail, are accepted as true *(but see, European Am. Bank v Streisand,* 177 AD2d 301, 302, *lv dismissed* 80 NY2d 826), they in no way demonstrate an intention on plaintiff's part to refuse to provide additional funds when defendants satisfy the prerequisites for those advances. Nor have defendants produced anything that might justify further discovery in this respect.

Mikoll, J. P., Mercure, Crew III and White, JJ., concur. Ordered that the order is affirmed, with costs.