■ MFAI (JERSEY) LTD., Appellant, v WESTBURY HOLDINGS, INC., Respondent. [696 NYS2d 17] —Order, Supreme Court, New York County (Barry Cozier, J.), entered on or about March 12, 1999, which, in an action for breach of contract, denied plaintiff's motion to confirm an ex parte order of attachment, unanimously affirmed, with costs.

The attachment should be denied in the absence of any proffered reasons for not enforcing the clause in the subject investment agreement unambiguously providing for arbitration of all disputes in Geneva under the rules of Conciliation and Arbitration of the International Chamber of Commerce (see, Shah v Eastern Silk Indus., 112 AD2d 870, affd 67 NY2d 632). An attachment does not appear necessary for security purposes (see, CPLR 6201 [3]), where the funds plaintiff seeks to attach are being held in escrow under the control of the entity in which the parties invested, which entity has taken a neutral position in the dispute, or at least has not been swayed to release any funds by defendant's threats of litigation. In addition, plaintiff's attorney's hearsay statements and the allegations in the complaint, unsupported by any documentary evidence, are insufficient to show the merit of plaintiff's claim that the financial condition of such entity is such that, under the subject agreement, plaintiff is entitled to a greater share of the entity's distributions (see, CPLR 6212 [a]). Concur—Rosenberger, J. P., Williams, Rubin, Saxe and Buckley, JJ.