In the Matter of DONALD L. MERRILL, Petitioner, *v.* STATE DIVISION OF HUMAN RIGHTS et al., Respondents.

Third Department, October 31, 1974.

*H. Bradley Smith* for petitioner.

*Henry Spitz* (*Alan J. Saks* of counsel), for respondents.

HERLIHY, P. J.   This is a proceeding initiated in the Appellate Division of the Supreme Court in the Third Judicial Department pursuant to section 298 of the Executive Law, to review an order of the State Human Rights Appeal Board issued April 26, 1974, which affirmed an order of the respondent, New York State Division of Human Rights, which directed the petitioner to cease and desist from certain discriminatory activities and to take certain affirmative actions, and cross petition by the respondent for an order enforcing and directing the petitioner to comply with the order.

The record discloses that on or about November 9, 1972, the respondent, Sandra Richardson, made inquiry of the petitioner in regard to the rental of one of his apartments.   At that time Sandra Richardson, a Caucasian, disclosed to the petitioner that her husband was Black, and was sitting in a car on the street or street area.   The petitioner does not dispute that at that particular time he stated that while he could not legally refuse to rent her an apartment, he would prefer not to, and from the testimony of Sandra Richardson it appears that he did not thereafter offer to show her the apartment or otherwise continue negotiations in regard to her prospective rental thereof.   Following the aborted negotiations regarding the rental of the apartment, Sandra Richardson, on November 22, signed a complaint initiating proceedings with the respondent New York State Division of Human Rights (Division) charging that the petitioner had discriminated against her on the basis of race and color.

That complaint did not charge the petitioner with any violation of the human rights of Sandra Richardson's husband, Robert Richardson.   Following the complaint of Sandra Richardson, a notice of hearing was issued to said complainant and the petitioner specifying that a hearing would be held pursuant to section 297 of the Executive Law (art. 15, Human Rights Law) on March 12, 1973.   During the course of the hearing, the hearing examiner upon his own motion amended the complaint to

include Sandra Richardson's husband, Robert Richardson as a complainant.

Prior to the amendment of the pleadings to include Robert Richardson, the hearing examiner had accepted testimony from Sandra Richardson to the effect that her husband had lost two days from work as a result of the petitioner's refusal to rent and the monetary value placed upon such loss of work was approximately $56.

Following the hearing, the Division issued the decision and order of the hearing officer, which decision found that the complainants had incurred monetary damages in the amount of $222 for out-of-pocket expenses.

Upon this proceeding, the petitioner raises several issues. Among other things, the petitioner contends that the record does not establish any discrimination by the petitioner directed toward Sandra Richardson. In this regard, the petitioner takes the position that because Sandra Richardson is Caucasian, there was no proof of any racial discrimination as against her. However, the actions of the petitioner are of such a nature as to demonstrate that he was prejudiced against mixed marriages between Caucasians and Blacks and, under such circumstances, it reasonably appears that there was discrimination directed toward Sandra Richardson because she was a white person married to a Black person, and upon that basis there is discrimination because of her race and color. Ordinarily, it would not be anticipated that there would be discrimination by a white person against another white person solely because of color, however, the discrimination herein is clearly established upon the basis of Sandra Richardson's color.

Nevertheless, it does appear, as contended by the petitioner who appeared *pro se,* that he was denied fundamental due process as a result of the amendment of the complaint during the hearing process to include Robert Richardson. By virtue of such amendment the petitioner was made liable for damages to Robert Richardson in the amount of $56, being the days lost from work by said added complainant without any prehearing opportunity or notice of any such possible damages. While it may well be that during conciliation proceedings prior to the formal hearing the loss of income by Robert Richardson was made known to the petitioner, the absence of said Robert Richardson as a complainant in the proceedings would have made such damages immaterial and irrelevant. Upon the present record, the amendment of the complaint to include Robert Richardson was prejudicial and cannot be sustained.

The petition should be granted, without costs, to the extent of modifying the order of the State Human Rights Appeal Board by deleting therefrom the sum of $56, and, as so modified, order confirmed. Cross petition should be granted, without costs, and petitioner directed to comply with the order, as modified.

STALEY, JR., SWEENEY, KANE and MAIN, JJ., concur.

Petition granted, without costs, to the extent of modifying the order of the State Human Rights Appeal Board by deleting therefrom the sum of $56, and, as so modified, order confirmed. Cross petition granted, without costs, and petitioner directed to comply with the order, as modified.