■ Ivan Mogull Music Corporation, Respondent-Appellant, v Madison-59th Street Corporation et al., Appellants-Respondents.—Order, Supreme Court, New York County (Herman Cahn, J.), entered on or about November 28, 1988, denying defendants' motion for summary judgment dismissing the complaint and plaintiff's cross motion to strike defendants' answer, unanimously modified, on the law, defendants' motion for summary judgment dismissing the complaint granted and, as so modified, the order is otherwise affirmed, with costs.

Plaintiff's three causes of action allege breach of contract and tortious interference with prospective business relations based upon defendants' allegedly unreasonable refusal to approve plaintiff's proposed sub-sublease of 800 square feet of its subleased premises to Lillies of the Field, Inc.

Absent privity of contract between plaintiff, a sublessee, and defendants, the prime landlord and its agent, defendants are entitled to summary judgment dismissing the first cause of action for breach of contract. *(See, Allied Control Co. v C. F. A. Graphics,* 43 AD2d 678.) Indeed, plaintiff, in its brief, acknowledges that the alleged basis for liability is in tort, not contract. As to the remaining causes of action which plaintiff contends state cognizable claims for racial discrimination and prima facie tort in addition to tortious interference with prospective business relations, such allegations fail to justify an exception to the general rule that breach of contract does not, by itself, give rise to a tort action *(Manley v Pandick Press,* 72 AD2d 452, 454, *appeal dismissed* 49 NY2d 981). Moreover, plaintiff's conclusory allegation that defendants' refusal to consent to Lillies' sub-sublease was because its principals were black and female is insufficient to defeat defendants' summary judgment motion which is supported by a detailed affidavit of defendant Collins Tuttle's senior vice-president stating that the refusal to consent to the sub-sub-tenancy was based on Lillies' brief operating history and financial statements and not the sex or race of Lillies' principals, which were unknown to defendants at the time of their refusal. Moreover, plaintiff, unlike the plaintiffs in *Matter of Merrill v State Div. of Human Rights* (45 AD2d 548) and *Dunn v Fishbein* (123 AD2d 659), does not fall within a zone of interest which the Human Rights Law protects. Finally, any claim for prima facie tort must fall absent a pleading with sufficient particularity of special damages *(Skouras v Brut Prods.,* 45 AD2d 646, 648), and any cause of action for tortious interference with prospective business relations must demonstrate that the plaintiff's sub-sublease with Lillies would have been entered into but for the malicious, fraudulent and deceitful acts of defendants and that defendants had no proper purpose for their refusal to consent to such sub-sublease. *(Williamson, Picket, Gross v 400 Park Ave. Co.,* 63 AD2d 880, *affd* 47 NY2d 769.) No such showing has been made. Concur—Kupferman, J. P., Ross, Kassal, Ellerin and Wallach, JJ.