■ PKO TELEVISION, LTD., Respondent-Appellant, v TIME LIFE FILMS, INC., Appellant-Respondent.—Order, Supreme Court, New York County (Diane Lebedeff, J.), entered on September 13, 1989, which granted defendant's motion pursuant to CPLR 3211 to the extent of dismissing the second cause of action of the complaint, unanimously modified, on the law, to dismiss the first cause of action of the complaint, and otherwise affirmed, with costs.

Plaintiff, a corporation in the business of producing made-for-television movies, and defendant, a corporation in the business of distributing motion pictures, executed a distribution agreement for the exploitation of a certain film produced by plaintiff. Plaintiff alleges, essentially, that defendant's failure to aggressively distribute the film has deprived plaintiff of revenues which should have resulted from syndication during the valuable life of the film. Plaintiff's complaint sets forth four causes of action for, respectively, conversion of the film's ownership, unjust enrichment, breach of contract and fraud in the inducement.

On defendant's motion to dismiss, the IAS court erred in denying that portion of defendant's motion seeking to dismiss plaintiff's first cause of action for conversion as being improperly duplicative of plaintiff's third cause of action seeking monetary damages for breach of the parties' film distribution

agreement *(Matzan v Eastman Kodak Co.,* 134 AD2d 863). Moreover, plaintiff has failed to plead wrongful or criminal behavior, as distinguished from acts that are a mere violation of contractual rights, sufficient to support the conversion cause of action *(Fraser v Doubleday & Co.,* 587 F Supp 1284, 1288).

Contrary to plaintiff's assertions, however, plaintiff's cause of action for unjust enrichment was inconsistent with plaintiff's breach of contract claim. The existence of a valid and enforceable written contract governing a particular subject matter precludes recovery in quasi-contract for events arising out of the same subject matter *(Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382). Concur—Sullivan, J. P., Milonas, Rosenberger, Ross and Smith, JJ.