**IKEA NORTH AMERICAN SERVICES, INC. and Deutsch, Inc., Plaintiffs,**

v.

**NORTHEAST GRAPHICS, INC., Precision Technology, Inc. and Spectrum Direct, Inc., Defendants.**

No. 99 Civ. 1801(JSR).

United States District Court, S.D. New York.

Sept. 27, 1999.

gy, Inc. and Spectrum Direct, Inc. *See IKEA North American Services, Inc. v. Northeast Graphics, Inc., 56* F.Supp.2d 340 (S.D.N.Y.1999). In its July 1st Order, the Court dismissed these claims on the ground, *inter alia,* that the claims were not meaningfully distinct from plaintiff's claims of breach of contract and therefore were barred by New York's longstanding policy "that tort law, including fraud law, cannot be used as a means to alter the legal rules regarding ... contracts." Richard H. Wagner, "When Contract Claims and Fraud Claims Intersect," *New York Law Journal,* Sept. 17, 1999, at p. 1 (summarizing cases). *See IKEA,* 56 F.Supp.2d at 342 n. 2.

It is true that plaintiffs' Complaint alleged breach of contract claims only against the prime contractor, Northeast Graphics, Inc.; but the Complaint further alleged in effect that plaintiffs were third-party beneficiaries of the subcontracts between Northeast Graphics, on the one hand, and Precision Technology and Spectrum Direct, on the other. Indeed, according to the Complaint, it was the derelictions of the latter that precipitated the failure of Northeast Graphics to timely fulfill its contractual obligations to plaintiffs. *See* Complaint ¶¶ 2–4, 22–23, 33–36. Moreover, plaintiffs, in their original motion papers, expressly sought leave, which the Court granted, to amend their Complaint to add third-party-beneficiary claims against Precision Technology and Spectrum Direct. *See IKEA,* 56 F.Supp.2d at 343.[1]

In now moving for reconsideration, however, plaintiffs contend that simply because they sought the option of adding third-party-beneficiary claims against Precision Technology and Spectrum Direct does not mean that they were compelled to do so, and that in the absence of a direct contractual relationship between plaintiffs and these subcontractors, plaintiffs retain

## MEMORANDUM ORDER

RAKOFF, District Judge.

This matter is again before the Court on the motion of plaintiffs IKEA North American Services, Inc. and Deutsch, Inc. for reconsideration of the portion of the Court's Memorandum Order of July 1, 1999 that dismissed their claims for fraud, negligence, and violations of the New Hampshire consumer protection statute against co-defendants Precision Technolo-

---

1. Subsequent to being orally informed of the Court's intention to deny the instant motion for reconsideration, plaintiffs timely filed an amended complaint adding these third-party-beneficiary claims.

the alternative right to sue them for fraud and related torts.

 While colorable, the argument is ultimately unpersuasive. As noted in the July 1st Order, the policy underlying the New York law here at issue is New York's determination to foster predictability in commercial affairs by limiting the remedies for contractual non-performance to suits for contractual breach. *See IKEA,* 56 F.Supp.2d at 342 n. 2. *See also International Cabletel Incorporated v. Le Groupe Videotron Ltee.,* 978 F.Supp. 483, 489 (S.D.N.Y.1997) (applying New York law); *Megaris Furs v. Gimbel Brothers Inc.,* 172 A.D.2d 209, 210, 568 N.Y.S.2d 581 (1st Dep't 1991). Plaintiffs' approach would materially undercut that policy by allowing a party that had not received contractual performance to bring suit for fraud or other torts against all subcontractors who might bear any responsibility for the non-performance, even though such a claim against the prime contractor would be barred. In an age when performance of most contracts is dependent on performance by subcontractors, the result would be precisely the infusion of tort claims into contract disputes that the New York policy is designed to prevent.

 Although neither side here is able to point to a New York case directly on point, New York courts regularly reject attempts to plead other legal theories to avoid the New York policy limiting claims for what is in effect contractual non-performance to suits sounding in contract. *See, e.g., Trustco Bank New York v. S/N Precision Enterprises, Inc.,* 234 A.D.2d 665, 669, 650 N.Y.S.2d 846 (3rd Dep't 1996) (fraud and negligent misrepresentation); *HH Holdings Inc. v. PaineWebber Inc.,* 180 A.D.2d 419, 419, 580 N.Y.S.2d 860 (N.Y.A.D.1992) (breach of fiduciary duty, negligence, and fraud); *Megaris,* 172 A.D.2d at 211, 568 N.Y.S.2d 581 (negli-

gence); *PKO Television Ltd. v. Time Life Films Inc.,* 169 A.D.2d 582, 583, 564 N.Y.S.2d 434 (1st Dep't 1991) (conversion); *Ivan Mogull Music Corp. v. Madison–59th St. Corp.,* 162 A.D.2d 336, 337, 556 N.Y.S.2d 906 (1st Dep't 1990) (prima facie tort).[2] Conversely, it is well established that a contracting party that suffers contractual non-performance ultimately traceable to the derelictions of subcontractors may pursue such subcontractors for contractual remedies on a third-party-beneficiary theory. *See, e.g., Burns Jackson Miller Summit & Spitzer v. Lindner,* 59 N.Y.2d 314, 336, 464 N.Y.S.2d 712, 451 N.E.2d 459 (1983); *Finch, Pruyn & Co., Inc. v. M. Wilson Control Services, Inc.,* 239 A.D.2d 814, 816, 658 N.Y.S.2d 496 (3rd Dep't 1997).

 Thus, it is readily inferable that, under New York law, a plaintiff's remedies for non-performance of a contractual obligation are limited to claims sounding in contract, even as against sub-contractors. Accordingly, plaintiffs' motion for reconsideration is hereby denied.

SO ORDERED.

**2.** Plaintiffs' reliance on dictum in *Warner Bros. Pictures Distributing Corp. v. Endicott Circuit,* 55 N.Y.S.2d 300, 303 (N.Y.Sup.Ct.), *aff'd* 269 A.D. 934, 58 N.Y.S.2d 344 (1st Dep't 1945), allowing plaintiff to wait until trial to

elect between its breach of contract and conspiracy-to-defraud claims, is entirely misplaced since defendants did not there move to dismiss on the ground here at issue.