**Aubrey J. EL, Plaintiff,**

v.

**TEK SYSTEMS, INC., Defendant.**

**No. CIV.A. 3:02CV111.**

United States District Court,
E.D. Virginia,
Richmond Division.

Sept. 24, 2002.

Order Denying Reconsideration

Oct. 10, 2002.

Aubrey J. El, Richmond, VA, pro se.

Charles B. Wayne, Piper Rudnick, LLP, Washington, DC, Philip Michael Keating, Dunn, Curcio, Keating & Bracken, PC, Alexandria, VA, Eric Paltell, Kollman & Saucier PA, Baltimore, MD, for defendant.

## MEMORANDUM OPINION

RICHARD L. WILLIAMS, Senior District Judge.

This matter is before the Court on the defendant's motion for summary judgment, the plaintiff's motion for summary judgment, and the plaintiff's motion to strike the affidavits of James Igoe and Jeremy Sauer. The Court heard arguments on the motions on September 23, 2002, and the motions are ripe for decision.

■ As a preliminary matter, the Court denies the plaintiff's motion to strike the affidavits of James Igoe and Jeremy Sauer. Although Mr. Igoe's affidavit initially contained a typo, it was corrected by a supplemental affidavit and there is no question that Mr. Igoe has personal knowledge of the events stated in the affidavit. Both affidavits of Mr. Igoe and the affidavit of Jeremy Sauer are competent evidence before the Court.

Summary judgment is appropriate where there is "no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "A scintilla of evidence in support of the plaintiff's position will be insufficient [to overcome summary judgment]; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The party opposing summary judgment may not rest on mere allegations or denials. *Id.* It must produce "significant probative evidence tending to support the complaint" or provide "specific facts showing that there is a genuine issue for trial." *Id.* Even in discrimination cases where motive or intent is an issue, "a plaintiff's own assertions of discrimination in and of themselves are insufficient to counter substantial evidence of legitimate nondiscriminatory reasons for an adverse employment action." *Williams v. Cerberonics, Inc.*, 871 F.2d 452, 456 (4th Cir. 1989).

■ To establish a claim of race discrimination under Title VII or Section 1981 [1], the plaintiff must show discriminatory motive either by direct or circumstantial evidence of discriminatory intent, or by relying on the burden shifting framework established in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 959 (4th Cir.1996). There is no direct evidence of discriminatory intent here. Therefore, the Court analyzes the plaintiff's claim under the burden shifting framework of *McDonnell Douglas*. This approach requires the plaintiff to establish a prima facie case of discrimination. *Evans*, 80 F.3d at 959. If he does so, he is entitled to a presumption of unlawful discrimination, but once the defendant articulates a legitimate, non-discriminatory reason for its employment action, the burden shifts back to the plaintiff to show that the articulated reason is pretextual. *Id.*

■ To establish a prima facie case of race discrimination, the plaintiff must show: (1) that he is a member of a protected class; (2) he was qualified for his job and his performance was satisfactory; (3) he was terminated; and (4) the termination occurred under circumstances giving rise to an inference of unlawful discrimination. *Id.* at 959–60.

■ Here, TEK Systems ("TEK") claims that the plaintiff was terminated because he failed to satisfy legitimate performance expectations. The defendant's evidence shows that the plaintiff failed to meet performance expectations in that he took more time to complete site surveys than other employees; he regularly failed to meet the three-day goal for completion of the site surveys with his average completion time almost twice as high as other employees; he did not use the proper form for status reports to his supervisor; and he submitted some surveys that were returned as unacceptable and needed to be re-done. The plaintiff disputes the defendant's assertions regarding these failures, but "it is the perception of the decision maker that is relevant" to employment actions. *Beall v. Abbott Laboratories*, 130 F.3d 614, 620 (4th Cir.1997). The employee's subjective opinion regarding his own performance and abilities is immaterial. *Id.* The defendant's assertions as to the plaintiff's performance are documented by the affidavit of Mr. Igoe, printouts of the email exchanges between Mr. Igoe and the

---

1. The plaintiff brings a claim under Title VII and under 42 U.S.C. § 1981, but the same analysis applies to proving a discrimination claim brought under either statute. *Mallory v. Booth Refrigeration Supply Co., Inc.*, 882 F.2d 908, 910 (4th Cir.1989).

plaintiff, and copies of surveys marked unacceptable.

In addition to the failure to meet performance expectations, the defendant argues that the plaintiff fails to show the fourth element of the prima facie case, that the plaintiff's position remained open to similarly qualified applicants after his termination or that employees outside a protected class were treated more favorably, giving rise to an inference of discrimination. *See Karpel v. Inova Health Sys. Servs.*, 134 F.3d 1222, 1228 (4th Cir.1998). In support of this position, the defendant notes that a number of Caucasian field engineers on the Lucent project were also terminated for performance reasons. Some, like the plaintiff, were terminated for slow survey completion times and others for job abandonment or at the request of Lucent. TEK notes that six field engineers were terminated for performance reasons and that only two of them are African–American. TEK also presents evidence that no Caucasian employees who had longer average survey completion times than the plaintiff remained employed by TEK. Therefore, the evidence shows that TEK held all employees to the same standard and that Caucasian or other employees were not treated more favorably than the plaintiff. The Court agrees that the plaintiff fails to establish a prima facie case of discrimination.

■ Even if the plaintiff established a prima facie case of discrimination, however, because TEK articulates and supports a performance based non-discriminatory reason for the termination, the burden shifts back to the plaintiff to show that the articulated reason is pretextual. *Evans,* 80 F.3d at 959. The statistics cited by the defendant and the fact that other Caucasian and African–American employees were also terminated negates any argument that the defendant's articulated reason for plaintiff's termination is pretextual.

■ Like the plaintiff's claim of discrimination, a claim for retaliation is subject to a similar burden shifting analysis. *Karpel,* 134 F.3d at 1228. To state a claim of retaliation, the plaintiff must show (1) that he engaged in protected activity; (2) that he suffered an adverse employment action; and (3) that the defendant took the adverse action because of the protected activity. *Spriggs v. Diamond Auto Glass,* 242 F.3d 179, 190 (4th Cir.2001). Protected activities include making a charge, participating in a hearing under Title VII, and making informal complaints. *Laughlin v. Metropolitan Washington Airports,* 149 F.3d 253, 259 (4th Cir.1998). If the plaintiff establishes a prima facie case and the defendant articulates a legitimate reason for the termination, the burden shifts back to the plaintiff to show that the defendant's articulated reason is pretextual.

■ Here, the first two elements are undisputed. The plaintiff brought a claim before the EEOC and a federal lawsuit in 1997 alleging discrimination against one of TEK's affiliates, and at the time of his termination from Lucent, the plaintiff expressed to Mr. Igoe his view that the termination was discriminatory. He later filed an EEOC action and this lawsuit. While the plaintiff's termination itself came before this lawsuit, he also claims that TEK's failure to rehire him was retaliatory.

The 1997 complaint cannot form the basis for a retaliation claim because TEK hired the defendant on several occasions since that time, which, in combination with the significant period of time that passed since then, negates the plaintiff's assertion that there is a causal connection between his prior complaints and the termination. *See Causey v. Balog,* 162 F.3d 795, 803 (4th Cir.1998). As for the failure to rehire the plaintiff, that decision was made one day after the plaintiff's termination, on

January 16, 2001, as evidenced by the entry in the TEK human resources database. This decision not to rehire the plaintiff could not be in retaliation for his complaint that the termination was discriminatory, because that complaint was not made until February 5, 2001, and it was not until July 2001 that he filed a claim with the EEOC. *See Gibson v. Old Town Trolley Tours of Washington, D.C., Inc.,* 160 F.3d 177, 181 (4th Cir.1998). Therefore, the defendant has a strong argument that the plaintiff fails to establish a prima facie case of retaliation regardless of which theory he uses to do so.

██ Even assuming the presence of a prima facie case, however, because the defendant has articulated a non-discriminatory reason for its employment actions, in order to defeat summary judgment, the plaintiff must show that the defendant's reason is pretextual. As with the discrimination claim, the plaintiff's evidence consists largely of his own assertions that his performance was in fact satisfactory. His evidence fails to create a genuine issue of material fact on this point. The Court finds that the plaintiff's arguments amount to a disagreement with the defendant's evaluation of his performance. Because the defendant submits legitimate, non-discriminatory reasons for the termination, supported by documented evidence, it is not the Court's role to second-guess the merits of the defendant's decision. *Rowe v. The Marley Co.,* 233 F.3d 825, 831 (4th Cir.2000); *EEOC v. Clay Printing Co.,* 955 F.2d 936, 946 (4th Cir.1992).

The plaintiff's own perceptions of his performance and unsupported allegations are insufficient to defeat summary judgment. Because the Court finds that the plaintiff fails to establish a claim of discrimination or retaliation as a matter of law, the defendant's motion for summary judgment is granted and the plaintiff's motion is denied.

An appropriate Order shall enter.

### FINAL ORDER

This matter is before the Court on the plaintiff's motion to reconsider the Court's Final Order of September 24, 2002, in which the Court granted the defendant's motion for summary judgment and denied the plaintiff's motion for summary judgment. Also before the Court is the plaintiff's motion for a hearing on his motion to reconsider. Finding that oral argument on the plaintiff's motion would not advance the decisional process, the plaintiff's motion for a hearing date for oral argument on his motion to reconsider is DENIED.

In his motion for reconsideration, the plaintiff fails to provide the Court with any new evidence or new legal authority to justify reconsideration of the Court's decision. Therefore, the Court finds no good cause to reconsider its ruling. The Court adheres to its ruling set forth in the Final Order of September 24, 2002, and the accompanying Memorandum Opinion, and the plaintiff's motion for reconsideration is DENIED.

It is so ORDERED.

Plaintiff is advised that he has the right to appeal the decision of the Court. Should he wish to do so, written notice of appeal must be filed with the Clerk of the Court within thirty (30) days of the date of entry hereof. Failure to file a timely notice of appeal may result in the loss of the right to appeal.

Let the Clerk send a copy of this Final Order to all counsel of record and to the plaintiff who is proceeding pro se.