■ HIDEYO CHOW et al., Respondents, v ANEW XCVIII, INC., et al., Appellants. [801 NYS2d 29]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered July 1, 2004, which, inter alia, granted plaintiff subtenant's motion for partial summary judgment on his cause of action to enjoin defendants prime tenant and its principal from interfering with his removal of certain dental equipment from the premises, unanimously affirmed, with costs.

Plaintiff was not a party to the prime lease and his sublease was oral. Under the circumstances, defendants cannot show that plaintiff specifically assumed defendants' duties under the prime lease (*see* Finkelstein and Ferrara, Landlord and Tenant Practice in New York § 4:149, at 4-56 [West's NY Prac Series, vol F,

2004]). Accordingly, plaintiff is not bound by the provision of the prime lease deeming equipment attached to or built into the premises to be part of the premises and the landlord's property (*cf. Ivan Mogull Music Corp. v Madison-59th St. Corp.*, 162 AD2d 336, 337 [1990]). Concur—Friedman, J.P., Marlow, Gonzalez and Catterson, JJ.