Crestview SPV, LLC v Crestview Fin., LLC (2023 NY Slip Op 03070)

Crestview SPV, LLC v Crestview Fin., LLC

2023 NY Slip Op 03070

Decided on June 08, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 08, 2023

Before: Webber, J.P., González, Rodriguez, Pitt-Burke, JJ. 

Index No. 651277/20 Appeal No. 423 Case No. 2022-03580 

[*1]Crestview SPV, LLC, Plaintiff-Appellant,
v
Crestview Financial, LLC, Defendant, Shalom Auerbach, Defendant-Respondent.

Choe & Oh, P.C., New York (Kiyoung P. Choe of counsel), for appellant.
Parness Law Firm, PLLC, New York (Hillel I. Parness of counsel), for respondent.

Order, Supreme Court, New York County (Andrea Masley, J.), entered April 25, 2022, which granted defendant Shalom Auerbach's motion to dismiss the complaint as against him, unanimously affirmed, with costs.
The claims against defendant were correctly dismissed because defendant was absolved of all personal liability pursuant to the exculpation provision in plaintiff's Limited Liability Company Agreement. The exculpation clause provides: "Notwithstanding anything contained herein to the contrary, in no event shall any Indemnified Party who is an individual have any personal liability to the Company [i.e. plaintiff], except to the extent the loss or damage is attributable to such Indemnified Party's actual and intentional fraud." An "Indemnified Party" is defined as a "Member" or any "officer, director, of such Member." Defendant, as the president of Crestview Financial, LLC (Crestview), a Member, is an Indemnified Party. Further, because there are no allegations in the complaint from which one could infer that plaintiff was damaged by actual and intentional fraud on defendant's part, defendant is entitled to the dismissal of all claims against him.
The claim for aiding and abetting Crestview's purported breach of fiduciary duty was properly dismissed on the independent ground that Crestview owed no fiduciary duty to plaintiff. The LLC Agreement "disclaim[s] any fiduciary duties whatsoever on the part of any Indemnified Party otherwise existing at law or in equity . . . to the maximum extent permitted by law." Absent an underlying breach of fiduciary duty, the aiding and abetting claim fails (see McBride v KPMG Intl., 135 AD3d 576, 579 [1st Dept 2016]).
Similarly, even without the exculpation provision, the dismissal of the unjust enrichment claim was proper, given the agreements governing the subject matter (see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388 [1987]). Contrary to plaintiff's contention, the absence of a contract between itself and defendant does not require reinstatement of the claim (see Allenby, LLC v Credit Suisse, AG, 134 AD3d 577, 579 [1st Dept 2015]). Moreover, "unjust enrichment is not a catchall cause of action to be used when others fail" and here, the claim simply duplicates plaintiff's conventional tort claims for aiding and abetting breach of fiduciary duty and conversion (Corsello v Verizon N.Y., Inc., 18 NY3d 777, 790-791 [2012]).
The dismissal of the conversion claim was likewise proper because the cause of action is predicated on a mere breach of contract, and "no independent facts are alleged giving rise to tort liability" (Kopel v Bandwidth Tech. Corp., 56 AD3d 320, 320 [1st Dept 2008]). But for the Financial Asset Purchase Agreement and the Servicing Agreement, there was nothing wrongful about defendant's exercise of dominion and control over the proceeds of the accounts receivable. Thus, "plaintiff has failed to plead wrongful or criminal behavior, as distinguished from acts that are a mere [*2]violation of contractual rights, sufficient to support the conversion cause of action" (PKO Tel. v Time Life Films, 169 AD2d 582, 583 [1st Dept 1991]; see also Peter Griffin Woodward, Inc. v WCSC, Inc., 88 AD2d 883, 884 [1st Dept 1982] ["an action for conversion cannot be validly maintained where damages are merely being sought for breach of contract"]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 8, 2023